AUTOMOBILE INSURANCE COMPANY OF HARTFORD *v.* WINN & LOVETT GROCERY COMPANY.

No. 10576.   JUNE 12, 1935.

*Bryan, Middlebrooks & Carter* and *John A. Dunaway*, for plaintiff in error.

*Hooper & Hooper*, contra.

HUTCHESON, Justice.   Winn & Lovett Grocery Company sued Automobile Insurance Company of Hartford, Connecticut, alleging that the defendant issued to R. H. Jackson & Son, operating Ardee Motor Freight Lines, a policy of insurance covering damage to property carried on certain motor vehicles described in the policy; that the policy was issued pursuant to and with reference to section 5 of the Acts of the General Assembly of Georgia of 1929, pages 293 to 302, inclusive; that plaintiff instituted attachment proceedings against the insured, and said attachment was levied upon property of the insured; that a trial of such proceeding resulted in a judgment in favor of the plaintiff for the amount sued

for, such proceeding being based upon a shipment made by the plaintiff over the motor lines of the insured; and that the insurance company had failed to pay the amount of said judgment. The defendant company by its answer admitted that it issued the insurance policy; but it denied liability, upon the ground that the shipment originated in Alabama and the point of destination was in Georgia, and that it was therefore an interstate shipment and was not covered by the policy. The case was tried before the judge of the municipal court of Atlanta, without a jury, upon an agreed statement of facts, and resulted in a judgment for the plaintiff. Defendant's petition to Fulton superior court for the writ of certiorari was denied, and defendant excepted.

1. The plaintiff in error insists that section 5 of the act of the General Assembly of Georgia, known as the motor-vehicle law (Ga. Laws 1929, p. 293) is in violation of art. 1, sec. 8, par. 3, of the constitution of the United States, reading as follows: "The Congress shall have power . . to regulate commerce with foreign nations, and among the several States, and with the Indian tribes." The section of the Georgia law referred to is here quoted: "No certificate shall be issued or continued in operation unless the holder thereof shall give bond, with adequate security, for the protection, in case of passenger vehicles, of the passengers and baggage carried and of the public, against injury proximately caused by the negligence of such motor carriers, its servants or agents, and, in cases of vehicles transporting freight, to secure the owner or person entitled to recover therefor against loss or damage to such freight for which the motor carrier may be legally liable, and for the protection of the public against injuries proximately caused by the negligence of such motor carrier, its servants or agents. The commission shall approve, determine, and fix the amount of such bonds, in a sum of not more than $10,000.00 for any one accident, casualty, or mishap, and not more than $5,000.00 for any one injured or damaged party or claimant, and shall prescribe the provisions and limitations thereof, and such bonds shall be for the benefit of and subject to suit or action thereon by any person who shall sustain actionable injury or loss protected thereby. The commission may, in its discretion, allow the holder of such certificate to file, in lieu of such bond, a policy of indemnity insurance in some indemnity insurance company authorized to do business in the State of Geor-

gia, which policy must substantially conform to all of the provisions hereof relating to bonds, and must likewise be approved by the commission. The commission shall have power to permit self-insurance in lieu of a bond or policy of indemnity insurance, whenever, in its opinion, the financial ability of the motor carrier warrants."

In Hendrick v. Maryland, 235 U. S. 610 (35 Sup. Ct. 140), it was held: "In the absence of national legislation covering the subject, a State may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles—those moving in *interstate commerce* as well as others." (Italics ours.) Also in this connection see Kane v. New Jersey, 242 U. S. 160 (37 Sup. Ct. 30, 61 L. ed.). In Hicklin v. Coney, 290 U. S. 169 (54 Sup. Ct. 142, 78 L. ed. 143), it was held that "a State, in exercising its control over the use of highways, may make reasonable regulations governing that use by private contract carriers. . . State regulations of the use of highways by private contract carriers may require, on the part of interstate as well as intrastate carriers, the payment of reasonable license fees and the filing of insurance policies to protect the interests of the public by securing compensation for injuries to persons and property from the negligent operations of such carriers." See *Aero-Mayflower Transit Co.* v. *Georgia Public-Service Commission,* 179 *Ga.* 431 (176 S. E. 487).

Construing the principles thus laid down, section 5 of the motor-vehicle law of Georgia is not unconstitutional as in violation of the commerce clause of the Federal constitution.

*Judgment affirmed. All the Justices concur.*