## UTILITIES INS. CO. v. SMITH.

### No. 2474.

Circuit Court of Appeals, Tenth Circuit.

July 10, 1942.

Rehearing Denied Sept. 2, 1942.

Clayton B. Pierce, of Oklahoma City, Okl., for appellant.

John Barry, of Oklahoma City, Okl. (Hal Johnson, of Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, MURRAH, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

A written contract dated November 22, 1934, was executed by A. Ervine Swift and "R. O. Burbridge, Agent." The contract purported to have been entered into between Swift, as business manager of the Oklahoma University Band, and the Southwestern Teachers College.[1] It provided that the College should furnish three Ford-Wayne trailer busses, 1934 models, to transport members of the Band from Norman, Oklahoma, to Washington, D. C., and from Washington, D. C., to Norman, Oklahoma, and should furnish insurance already filed with the Corporation Commissioner as required under a Class B Permit.

On February 3, 1932, a Class B Permit, certificate of public convenience and necessity No. 1905, was issued to Burbridge by the Corporation Commission of Oklahoma. Burbridge held such certificate and was operating under it on December 2, 1934. The College was a corporation organized and existing under the laws of Georgia. It was not qualified or licensed to transact business in Oklahoma, and had no permit to operate busses as a carrier for hire within the state of Oklahoma. Its charter authorized it to carry its students, not others, on selected tours.

The court found that Burbridge made the contract in his own behalf and not as agent for the College. That finding is supported by substantial evidence.

On December 2, 1934, during the return trip, one of the busses, due to the negligence of the driver employed by Burbridge, ran into a ditch on the side of the highway and overturned, resulting in personal injuries to Dale Smith and other members of the Band.

On September 11, 1934, the Utilities Insurance Company[2] issued its policy of insurance to Burbridge. The policy was filed with the Corporation Commission and was in force on December 2, 1934. It insured Burbridge against loss from liability imposed by law for damages on account of bodily injuries suffered or alleged to have been suffered by any person through the operation of International School busses M 12005 and M 12006.[3]

[1] Hereinafter called the College.
[2] Hereinafter called the Insurance Company.
[3] The policy provided that the Insurance Company would investigate all accidents and claims covered by the policy and defend in the name and on behalf of Burbridge all suits thereon; that the prepayment of any judgment recovered against Burbridge upon any claim covered by the policy should not be a condition precedent to any right of action against the Insurance Company on the policy, and that if a final judgment of a court of last resort should be recovered against Bur-

bridge on a claim covered by the policy, and such judgment should remain unsatisfied, the judgment creditor should have the same right of action against the Insurance Company on the policy that Burbridge would have had, had he paid the judgment, but subject to the same defenses. It provided that upon the occurrence of an accident, Burbridge should give the Insurance Company immediate notice thereof; if suit should be brought against Burbridge that he should immediately forward to the Insurance Company every summons or other process served on him; that no action should lie against

Motor Vehicle Form C was attached to the policy. Form C recited that the policy was written under and pursuant to the provisions of Ch. 113, O.S.L., 1923, and should be construed in accordance therewith and the rules and regulations of the Corporation Commission. It provided that the policy was payable to the state of Oklahoma for the benefit of all persons who might suffer personal injuries due to any negligence of Burbridge, his agents, employees, or representatives, in the operation or use of any motor vehicle under certificate No. 1905; that the Insurance Company waived a description of the motor vehicles operated or used under such certificate and agreed to pay any final judgment rendered against the holder of such certificate for personal injuries due to the negligence of the holder, his agents, employees, or representatives, in the operation or use of any motor vehicle, whether listed in the original schedule filed with the original application, or whether it be an additional, substituted, or emergency vehicle operated under such certificate; that upon failure to pay any such final judgment within 60 days from the date of its rendition or final affirmance on appeal, the judgment creditor might maintain an action against the Insurance Company in any court of competent jurisdiction to enforce payment thereof; that the policy should be a continuing indemnity; that nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions thereof or of any law of the state by Burbridge should relieve the Insurance Company from any liability under Form C or from the payment of any such judgment; that no condition, provision, stipulation, or limitation contained in the policy or any endorsement thereon, nor the violation of the same by Burbridge should affect in any way the right of any person injured in his person by the negligence of Burbridge, or relieve the Insurance Company from the liability provided for in Form C, or from the payment to such person of any such judgment, to the extent and in the amounts set forth in the schedule to Form C; and that any provisions, either in the body of the policy or in any endorsement thereon, in conflict with or contrary to the provisions of Form C, should be deemed to be can-

celed by Form C. The schedule attached to Form C limited the liability for each person injured to $5,000.

The policy contained an endorsement providing that terms of the policy should govern as between the Insurance Company and Burbridge as though Form C had not been attached thereto and that he should reimburse the Insurance Company for any claim paid by it under Form C.

The bus involved in the accident was not described in the policy.

On October 16, 1936, Smith commenced a suit against Burbridge in the District Court of Oklahoma County, Oklahoma, to recover damages for injuries sustained in the accident. Default judgment for $10,-000 was rendered against Burbridge on January 4, 1937, and execution issued October 31, 1938. It was returned nulla bona. On March 14, 1939, a garnishment affidavit was filed by Smith alleging that Burbridge, prior to the entry of the judgment, had been granted certificate No. 1905 by the Corporation Commission to operate motor vehicles as a common carrier; that Smith was a passenger in one of the motor vehicles covered by the permit at the time of the accident; that Burbridge had deposited with the Corporation Commission the policy above referred to; that such policy was in full force and effect at the time of the accident; that the Insurance Company was bound to protect Burbridge from liability resulting from the operation of the motor vehicle up to the amount of $5,000; and that upon the rendition of the judgment the Insurance Company became indebted to Burbridge in the sum of $5,000 and the costs of the action. An order was issued March 15, 1939, requiring the Insurance Company to answer the writ on or before April 14, 1939. The Insurance Company removed the garnishment proceeding to the Federal Court. On May 10, 1939, the transcript on removal was filed in the lower court. On the same day, the Insurance Company filed its answer denying liability under the policy.

From a judgment in favor of Smith, the Insurance Company has appealed.

Section 3708, O.S., 1931, as amended by § 4, Ch. 156, O.S.L., 1933, § 3708, 1934 Supp.

the Insurance Company on the policy unless it should be brought after the amount of the claimed loss had been fixed and rendered certain, either by final judgment against Burbridge or by agreement between the parties with the written consent of the Insurance Company, nor in any event unless brought within two years after such final judgment or agreement. It limited the Insurance Company's liability to $5,000 on account of injuries to one person.

O.S., 1931, 47 O.S.1941 § 169 in part reads as follows:

"Section 4. * * *

"Section 3708. No certificate of convenience and necessity, or permit, shall be issued by the Corporation Commission to any motor carrier until after such motor carrier shall have filed with the Corporation Commission a liability insurance policy or bond covering public liability and property damage, issued by some insurance or bonding company or insurance carrier, authorized to do business in this state and which has complied with all of the requirements of the Corporation Commission, which bond or policy shall be approved by the Corporation Commission, and shall be in such sum and amount as fixed by a proper order of said Commission; and such liability and property damage insurance policy or bond shall bind the obligor thereunder to make compensation for injuries to, or death of, persons, and loss or damage to property, resulting from the operation of any such motor carrier for which such carrier is legally liable; * * *. A copy of such policy or bond shall be filed with said Commission, and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same, and shall be a proper party so to do."

■ While Form C refers to Ch. 113, Session Laws, 1923, the 1933 Act was substituted for the 1923 Act and the Insurance Company's liability must be measured by the provisions of § 3708, as amended, supra.[4]

One Charles H. Potter, another member of the Band who was injured in the same accident, brought an action against Burbridge in the District Court of Oklahoma County, Oklahoma, and recovered a judgment. Thereafter, Potter brought a garnishment proceeding against the Insurance Company in all respects substantially identical with the garnishment proceeding herein. Judgment was rendered against the Insurance Company in the Potter action and it appealed to the Supreme Court of Oklahoma. On appeal, the Supreme Court of Oklahoma held that Southwestern Teachers College was a trade name and that Burbridge was the real party in interest under the transportation contract; that under Form C attached to the insurance policy, the description of the motor vehicle operated and used had been waived and that Form C covered the motor vehicle being used at the time of the accident; that under Form C, the Insurance Company was obligated to compensate Potter for the injuries sustained through the negligence of the driver employed by Burbridge, although the injuries were sustained outside of the state of Oklahoma; that the liability imposed by § 3708, supra, could not be limited by the provisions of the policy except as to the amount; that the purpose of the policy issued as a condition to the granting of certificate No. 1905 was the protection of passengers and members of the public who might be injured by the negligence of the operator of the bus, and that the policy should be construed most strongly against the insurer, and affirmed the judgment in the garnishment proceedings in favor of Potter.[5]

■ The Insurance Company contends that the trial court erred in holding that the judgment in the Potter case was res judicata of the issues between the Insurance Company and Smith in the instant case. The trial court did not so hold.[6] The court merely applied to the facts in this case the applicable law laid down by the Supreme Court of Oklahoma in the Potter case. The court properly held that as between Burbridge and the Insurance Company the issues determined in the Potter case could not be relitigated in the instant case under the doctrine of res judicata.[7]

---

4 Utilities Insurance Co. v. Potter, 188 Okl. 145, 105 P.2d 259, 262; Enders v. Longmire, 179 Okl. 633, 67 P.2d 12.

5 See Utilities Insurance Co. v. Potter, 188 Okl. 145, 105 P.2d 259.

6 In its opinion the court said: "This court agrees with the garnishee that as between it and the plaintiff Smith, the Potter Case is not res judicata, because there was no mutuality between Potter in that case and Smith in this case. Each had his own separate right of action against the operator of the bus. Their injuries were not the same. However, in the Potter case, the Oklahoma Supreme Court has interpreted and construed the same contracts and statutes governing the insurer's liability as here involved and the Supreme Court of the United States dismissed the appeal after considering the record transmitted pursuant to its writ, and this court is bound by such decision upon the questions therein decided. Furthermore, as between the defendant and the garnishee said case is res judicata, as the relationship is identical in both cases."

7 Ohio Casualty Ins. Co. v. Gordon, 10 Cir., 95 F.2d 605; Henderson v. United

The Insurance Company further contends that under the limitations and conditions of the policy it was under no obligation to Burbridge to pay the judgment recovered by Smith, and, therefore, Smith could not recover against the Insurance Company in a garnishment proceeding.

■ Under the provisions of Form 'C and § 3708, supra, the Insurance Company was unconditionally obligated to make compensation for injuries to persons resulting from the negligent operation of any motor vehicle under certificate No. 1905, and to pay any final judgment rendered against Burbridge for personal injuries due to his negligence, or the negligence of his agents, employees, or representatives in the operation and use of any motor vehicle, operated under certificate No. 1905, whether or not described in the policy. And the provisions of Form C and § 3708, supra, gave Smith, in the event of the failure of the Insurance Company to pay within 60 days any final judgment rendered against Burbridge, the right to maintain an action against the Insurance Company in any court of competent jurisdiction to enforce payment of the judgment. By virtue of the provisions of Form C, any provision in the policy or any endorsement thereon, in conflict with Form C, was canceled; and no provision in the policy or any endorsement thereon, nor the violation thereof by Burbridge, either affected Smith's rights or relieved the Insurance Company from the liability imposed by Form C or from the payment to Smith of the judgment rendered against Burbridge up to $5,000. Potter and Smith were injured in the same accident. The Supreme Court of Oklahoma, in the Potter case, held that Potter was covered by ·Form C, and upon having recovered a judgment against Burbridge for his injuries, could enforce such judgment against the Insurance Company to the extent of $5,000 by a garnishment proceeding. We need not stop to determine whether the basis of the decision in the Potter case was that the limitations and conditions in the policy and the endorsements thereto were canceled by Form C so that the Insurance Company was obligated to Burbridge to pay any such judgment, or whether garnishment was a proper method of enforcing the direct liability of the Insurance Company to the injured person under the provisions of Form C and § 3708, supra. Suffice it to say, that the Supreme Court of Oklahoma held that the injured person could enforce his judgment against Burbridge through garnishment proceedings against the Insurance Company.

■ The court in the Potter case held the fact that the motor vehicle involved in the accident was not described in the policy constituted no defense to a garnishment proceeding on a judgment recovered against Burbridge and we are bound by that holding.

■ Under the provisions of Form C and § 3708, supra, Smith had a right of action on the judgment against the Insurance Company. The purpose of the following language in § 3708, supra, "and, after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same," was to enable the injured person after recovering judgment against the assured to step into the shoes of the latter and sue on the bond.[8] The garnishment proceeding was brought to enforce the judgment. The right of action on the judgment did not accrue until the judgment was recovered. Whether it be regarded as an action in aid of execution,[9] or a direct action to enforce the judgment, it was not barred by limitation.[10]

■ By virtue of the express provisions of 15 O.S.A., § 216, the provision of the policy undertaking to limit the time to two years within which an action might be brought thereon is void.

■ Smith commenced the instant action against Burbridge, October 16, 1936. Burbridge did not notify the Insurance Company of that action. However, on October 28, 1935, after the Potter action, which antedated the Smith action, was instituted, Burbridge, through his attorneys, notified the Insurance Company of the Potter action and furnished it with a copy of the petition and answer filed therein, and requested the Insurance Company to assume the defense of that action. The Insurance Company investigated the accident and the claim and on November 8, 1935, declined to defend the Potter action and disclaimed all

States Radiator Corporation, 10 Cir., 78 F.2d 674, 675.

8 Enders v. Longmire, 179 Okl. 633, 67 P.2d 12, 15.

9 See First National Bank of Cordell v.

City Guaranty Bank, 174 Okl. 545, 51 P. 2d 573, 576.

10 See 12 O. S. A., § 95, subdivision Sixth; Wakeman v. Peter, 52 Okl. 639, 152 P. 455.

liability under the terms of the policy. That relieved Burbridge from giving notice to the Insurance Company of the Smith action. The Insurance Company having denied liability under the policy, Burbridge was not required to perform the useless act of giving further notice.[11] Furthermore, Form C expressly provided that a violation of the provisions of the policy by Burbridge should not affect in any way the right of any person injured in his person by the negligence of Burbridge or relieve the Insurance Company from the liability provided for in Form C, or for the payment to such person of any judgment rendered against Burbridge.

The judgment is affirmed.

[11] Thomas Kilpatrick & Co. v. London Guarantee & Accident Co., 121 Neb. 354, 357, 237 N.W. 162, 164; Hartford Accident & Indemnity Co. v. Randall, 125 Ohio St. 581, 183 N.E. 433.