AETNA CASUALTY & SURETY COMPANY, a Connecticut corporation, Plaintiff,

v.

PPG INDUSTRIES, INC., a Pennsylvania corporation; Reichhold Chemicals, Inc., a Delaware corporation; Upjohn Company, a Delaware corporation; State of Arizona, in its own behalf and on behalf of its agencies, departments, commissions and political subdivisions; C.W.R. Citrus Processors, Inc., an Arizona corporation; Sun Country Citrus, Inc., an Arizona corporation; Yerba Corporation, an Arizona corporation; Yuma Citrus Exchange, an Arizona corporation; Joseph M. Battersby and Beverly J. Battersby, husband and wife; Mesa Citrus Growers, an Arizona corporation; and Louis Lufty, Defendants.

No. CIV 79–661 PHX CLH.

United States District Court, D. Arizona.

Jan. 7, 1983.

---

Leo R. Beus, Neil Vincent Wake, David H. Colby, Beus, Gilbert, Wake & Morrill, Phoenix, Ariz., for defendant The Upjohn Co.

Newman R. Porter, Randall S. Yavitz, Evans, Kitchel & Jenckes, P.C., Phoenix, Ariz., for defendant Reichhold Chemicals, Inc.

John G. Ryan, Fennemore, Craig, von Ammon & Udall, Phoenix, Ariz., for defendants CWR Citrus, et al.

John J. Bouma, Joel P. Hoxie, Snell & Wilmer, Phoenix, Ariz., David J. Armstrong, M. Richard Dunlap, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant PPG.

Steven D. Copple, Black, Robertshaw & Copple, P.C., Phoenix, Ariz., for plaintiff.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

This is an action for declaratory judgment to determine the rights of the parties under contracts for insurance issued by Aetna Casualty and Surety Company (Aetna) to PPG Industries, Inc. (PPG), Reichhold Chemicals, Inc. (Reichhold), and The Upjohn Company (Upjohn).

PPG, Reichhold and Upjohn manufactured and sold polyurethane foam during the 1960's and early 1970's for installation in buildings as insulation. Each of them insured itself with Aetna against liability incurred in the sale of this material. Aetna was the insurer of PPG from July 1, 1969 to July 1, 1971; of Reichhold from January 1, 1965 to January 1, 1972; and of Upjohn from January 1, 1965 to September 30, 1977. Each of the insurance contracts provided, subject to certain exclusions:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies caused by an occurrence (if the bodily injury or property damage is included within the products hazard) and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage even if any of the allegations of the suit are groundless, false or fraudulent. . . . (The phrase in parenthesis is in the Upjohn policy only.)

In 1973 the three manufacturers and others were sued in federal court by a number of plaintiffs seeking damages for conspiracy to violate Section 1 of the Sherman Act, negligence, strict liability, and fraudulent representation. The action was dismissed. The reason for dismissing the negligence and strict liability claims was that the plaintiffs were seeking damages for economic losses which are not recoverable on those types of tort theories. *State of Arizona v. Cook Paint and Varnish Co.*, 391 F.Supp. 962, 971 (D.Ariz.1975), aff'd, 541 F.2d 226 (9th Cir.1976), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977).

The three manufacturers tendered defense of the action to Aetna. It declined to defend, contending that the allegations of damages did not invoke the insurance policies.

Following the dismissal of the federal court action, the plaintiffs in that case and others filed suit in the Superior Court of Arizona seeking recovery on theories of strict liability, negligence, breach of warranty, and fraudulent representation. The superior court dismissed with prejudice the claims of the plaintiffs who were plaintiffs in the prior federal action for damages for negligence and strict liability on grounds of res judicata. However, as to the additional plaintiffs in the superior court action, all counts remain.

Upjohn and Reichhold have moved for partial summary judgment declaring that Aetna breached its duty to defend the claims against them in the previous federal action and is breaching its duty by failing to defend them in the pending superior court action. They also have moved to dismiss without prejudice, on grounds of prematurity, Aetna's claim that it has no duty under its insurance contracts to indemnify them for liabilities which may be adjudicated against them in the pending superior court action.

### 1. *The Duty to Defend*

Reichhold and Upjohn contend that summary judgment as to Aetna's duty to

defend them in the previous federal suit and the pending state suit is proper because the allegations of the complaint in those actions come within the coverage of the insurance policies, thus triggering the duty to defend. As support for this contention, these parties cite the general rule that a liability insurer is obligated to defend whenever it would be bound to indemnify the insured if the injured person prevailed on the allegations of the complaint in the underlying action. *See e.g. Kepner v. Western Fire Insurance Co.,* 109 Ariz. 329, 509 P.2d 222 (1973); *Paulin v. Fireman's Fund Insurance Co.,* 1 Ariz.App. 408, 403 P.2d 555 (1965).

Aetna denies the duty to defend, relying upon two arguments. First, it contends that the general rule that the allegations of the complaint control the issue of the duty to defend does not apply in this instance where the insureds successfully defended themselves. Alternatively, Aetna contends that the allegations of the complaint do not bring the underlying federal and state claims within the terms of the insurance policies.

 The Court disagrees with Aetna's suggestion that the duty to defend may be discharged by the insured's successful defense of the underlying action. The substance of the duty to defend cannot be altered by the decision of the insurer to await the result of the underlying action. The duty arises whenever the allegations of the complaint come within the policy coverage. *See Waite v. Aetna Casualty and Surety Co.,* 77 Wash.2d 850, 467 P.2d 847 (1970); *Torres v. Sentry Insurance,* 558 P.2d 400 (Okl.1976); *Grieb v. Citizens Casualty Co. of New York,* 33 Wis.2d 552, 148 N.W.2d 103 (1967). Arizona case law does indicate that true facts outside the complaint may justify a refusal to defend, *Kepner v. Western Fire Insurance Co., supra,* but such a rule merely creates an exception to the general rule that the complaint controls the duty to defend. In all cases, the duty to defend does not rest upon a finding of liability against the insured in the underlying litigation. Indemnity for liability of the insured is an obligation separate from the duty to defend. *Paulin v. Fireman's Fund Insurance Co., supra.*

Aetna's first contention that the finding of no liability in the underlying federal suit discharged the duty to defend is, therefore, incorrect. Dismissal of the previous federal suit did not discharge Aetna's duty to defend, since the dismissal was not based on the ground that the insurance policies would not cover the allegations of the complaint.

Aetna's second contention, that the allegations of the complaint and other outside facts do not bring the action within the coverage of the policy, requires an analysis of some of the terms of the policies, specifically the indemnity covenant and exclusions.

### A. The Covenant

The covenant in each of the policies provides that Aetna will pay on behalf of Reichhold and Upjohn any damages because of "property damage" caused by an "occurrence" during the policy period.

 The property damage alleged in the complaint includes a diminution in the value of the buildings caused by the installation of defective or hazardous insulation. As held in *State of Arizona v. Cook Paint and Varnish Co., supra,* this form of loss is economic harm and is not actionable as property damage under the theories of strict liability and negligence. Aetna seizes upon this finding and argues that it controls the issue of property damage as a term of the insurance policy. The Court, however, does not accept this reasoning. An allegation of damages to property is more limited than and, therefore, cannot be equated with the term "property damage" as used in an insurance clause. Diminution in value of property caused by installation of a defective product sufficiently alleges property damage to give rise to a duty to defend. *See Goodyear Rubber and Supply Co., Inc. v. Great American Insurance Co.,* 471 F.2d 1343 (9th Cir.1973); *Western Casualty and Surety Co. v. Polar Panel Co.,* 457

F.2d 957 (8th Cir.1972); *Bowman Steel Corporation v. Lumbermen's Mutual Casualty Co.,* 364 F.2d 246 (3rd Cir.1966).

■ As a final point concerning this issue of property damage, it should be noted that Aetna contends that the insulation's hazardous nature is repairable or remediable by removal and, therefore, no property damage has occurred. Assuming *arguendo* that repair or removal of the insulation are possible remedies, property damage still exists. *See Goodyear Rubber and Supply Co. v. Great American Insurance Co., supra; Western Casualty and Surety Co. v. Polar Panel Co., supra.* Repair or removal goes not to the issue of property damage but to the issue of damages caused by the property damage. *Id.*

Before the covenant in each policy is invoked, property damage must have been caused by an "occurrence" during the policy period. "Occurrence" is defined in each policy as "an action including injurious exposure to conditions, which results, during the policy period, in ... property damage not intended from the standpoint of the insured." It appears well settled that where a policy insures against an "occurrence", rather than an "accident", coverage is based not upon the time when the wrongful act was committed but at the time the damage was discovered. *American Motorists Insurance Co. v. E.R. Squibb and Sons, Inc.,* 95 Misc.2d 222, 406 N.Y.S.2d 658 (1978); *United States Fidelity and Guaranty Co. v. American Insurance Co.,* 169 Ind. App. 1, 345 N.E.2d 267 (1976); *Remmer v. Glens Falls Indemnity Co.,* 140 Cal.App.2d 84, 295 P.2d 19 (1956).

Since Aetna insured Upjohn from 1965 to 1977, there is no question that there was an occurrence within the policy period. On the other hand, Reichhold's policy terminated as of January 1, 1972. The record does not indicate when the complaining parties claim to have been damaged. Accordingly, an issue of fact remains to be tried before there can be a determination of whether Aetna owed a duty to Reichhold to defend the claims against it.

## B. *The Exclusions*

Aetna contends that a number of exclusions within the policies apply to remove the action from coverage by the policy. Having reviewed these exclusions, the Court finds that none are applicable under the undisputed facts of this case.

■ Exclusion (1)/(d) provides that no indemnification is required from liability arising from "property damage to the named insured's products arising out of such products or any part of such products...." The damage alleged concerns the building in which the insulation is installed, not the insulation itself. Therefore, the property damage in question clearly goes beyond this exclusion. *See Goodyear Rubber and Supply Co. v. Great American Insurance Co., supra; Western Casualty and Surety Co. v. Polar Panel Co., supra.*

■ Exclusion (k)/(c) provides that no indemnification is required for liability arising from "...property damage resulting from the failure of the named insured's products to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions prepared or developed by any insured; but this exclusion does not apply to property damage resulting from the active malfunctioning of such products." Reichhold and Upjohn contend, and Aetna does not dispute, that the purpose of the product is to insulate and that the damage to the buildings is caused not by a failure to insulate but by a fire hazard inherent to the insulation material. This exclusion is not invoked, therefore, because the complaints in the federal and state suits do not allege property damage "resulting from the failure of the insured's product to perform or serve the purpose intended."

■ Exclusion (n)/(e) bars indemnity for "damages claimed for the withdrawal, inspection, repair, replacement or loss of use of the insured's products or of any property of which such products form a part, if such products or property are withdrawn from

the market or from use because of any known or suspected defect or deficiency therein." This exclusion, known as the sistership clause, applies only when the insured removes the product from the market due to defects found within a sample of the product. Since no withdrawal, repair, or removal has been made by the insureds, this exclusion is not applicable. *See Bigelow-Liptak Corp. v. Continental Insurance Co.,* 417 F.Supp. 1276 (E.D.Mich.1976); *Arcos Corp. v. American Mutual Liability Insurance Co.,* 350 F.Supp. 380 (E.D.Penn.1972); *Elco Industries, Inc. v. Liberty Mutual Insurance Co.,* 90 Ill.App.3d 1106, 46 Ill.Dec. 319, 414 N.E.2d 41 (1980).

In conclusion, this Court holds that the allegations of the complaints in the underlying federal and state actions come within the coverage of the Upjohn policy. As to the Reichhold policy there remains an issue of fact as to when the property damage occurred.

### 2. Tender of Defense

A tender of defense to Aetna is required under the terms of the insurance policies of Reichhold and Upjohn. A tender of defense was made in the underlying federal action, but it is alleged that no tender was made to Aetna in the underlying state action. The issue whether Aetna has a duty to defend in the underlying state action, therefore, raises the additional question whether the insureds were required to tender defense in the underlying state action.

Reichhold and Upjohn contend that in light of Aetna's previous refusal to defend in the underlying federal action tender of defense of the underlying state action was unnecessary. Aetna responds that the state action, though similar to the federal action, is different from it and that, in any event, the right to a tender of defense is absolute.

This question has not been directly addressed by the Arizona Courts. In *Manny v. Estate of Anderson,* 117 Ariz. 548, 574 P.2d 36 (1967), an insurer reiterated several times that it believed the accident in question was not covered by its insurance policy.

When a suit was filed, the insured did not tender the defense. It was held that despite the repeated denials of coverage, the insurer never expressly refused to defend and, therefore, a tender of defense was required yet not made. *Manny* clearly holds that a denial of coverage does not constitute a refusal to defend and indicates the requirement of a tender of defense is not to be taken lightly. *Manny,* however, differs from this present case and does not control the outcome of this issue.

In this case, Aetna not only denied coverage but expressly refused to defend in the underlying federal action. The issues in the underlying state case are substantially identical to those in the previous federal case. Arizona recognizes the doctrine of futility, *see Coronado Co. v. Jacome's Department Store,* 129 Ariz. 137, 629 P.2d 553 (1981), and it is applicable in this instance. In other jurisdictions, cases in point hold that where an insurer expressly refuses to defend an insured in a first action and thereafter a second action is commenced involving the same issues, a tender of defense in the second action is unnecessary. *See Butler Bros. v. American Fidelity Co.,* 120 Minn. 157, 139 N.W. 355 (1913); *Utilities Insurance Co. v. Smith,* 129 F.2d 798 (10th Cir.1942). This Court holds, therefore, that the failure to tender defense in pending state action did not discharge Aetna's duty to defend.

### 3. Damages

Aetna contends that as a matter of law it has no duty to defend those individual claims of the state action that are not within the coverage of the insurance policies, and accordingly it has no obligation to pay the cost of a defense as to those individual claims. A review of the underlying state action reveals that, in addition to the claims for negligence and strict liability, there are claims for fraudulent representation and breach of warranty that arguably would not be covered by the insurance policies of Reichhold and Upjohn. These extraneous claims, however, do not discharge Aetna's duty to defend against the entire action or, in this case, to pay the cost of the

entire defense in the state action. If the complaint filed against the insured alleges several causes of action, some of which are not covered by the policy but one or more are within its terms, the insurer is bound to defend the action. *National Steel Construction Co. v. National Union Fire Insurance Co.,* 14 Wash.App. 573, 543 P.2d 642 (1975); *C.A. Fielland, Inc. v. Fidelity & Casualty Co.,* 297 So.2d 122 (Fla.App.1974), *cert. denied,* 309 So.2d 6 (Fla.1974); *Hogan v. Midland National Insurance Co.,* 3 Cal.3d 553, 91 Cal.Rptr. 153, 476 P.2d 825 (1970); *Alm v. Hartford Fire Insurance Co.,* 369 P.2d 216 (Wyo.1962); *Ritchie v. Anchor Casualty Co.,* 135 Cal.App.2d 245, 286 P.2d 1000 (1955).

### 4. *The Duty to Indemnify*

■ Reichhold and Upjohn contend that Aetna's prayer for a declaratory judgment as to whether it will have to indemnify them against any judgment in favor of the plaintiffs in the pending state court action is premature. This Court agrees. Declaratory judgment actions may not be based upon future controversies that may never arise. There is no assurance that the plaintiffs in the underlying state action will prevail on their claims against Reichhold and Upjohn. Moreover, the obligation to indemnify can not be ascertained until the individual claim that is the basis for the finding of liability is determined. These factors make a declaratory judgment action on the issue of indemnity premature. *See Pacific Employers Insurance Co. v. Baker Pool Co.,* 239 F.Supp. 788 (E.D.Tenn.1965).

IT IS ORDERED as follows:

1. That partial summary judgment be granted declaring that Aetna had a duty to defend Upjohn in the previous federal court action and has a duty to defend in the pending state court action.

2. That Reichhold's motion for partial summary judgment is denied.

3. That Aetna's claim for declaratory judgment that it has no duty to indemnify Reichhold or Upjohn for any judgment which may be entered in the pending state court action be dismissed without prejudice as premature.

4. That as to Upjohn, the issues remaining to be tried in this case are (1) the value of attorney's fees and other litigation expenses for which it is entitled to be compensated by Aetna for violation of its duty to defend Upjohn in the previous federal court action and the pending state court action and (2) the value of attorney's fees incurred by Upjohn in defending this action.

5. That as to Reichhold, the issues remaining to be tried in this case are (1) when the property damage occurred to each of the plaintiffs in the underlying federal and state court actions and if the property damage occurred at a time when Aetna's policy was in effect, (2) the value of attorney's fees and other litigation expenses for which Aetna must compensate Reichhold for violation of its duty to defend, and (3) the value of attorney's fees incurred by Reichhold in defending this action.

6. That Aetna's claims against Upjohn and Reichhold for declaratory relief be severed.

7. That Aetna and Upjohn lodge with the Court by March 4, 1983, a proposed pretrial order in full compliance with this Court's Local Rule 42(C).

8. That Aetna and Reichhold lodge with the Court by March 4, 1983, a proposed pretrial order in full compliance with this Court's Local Rule 42(C).