CAR & GENERAL INSURANCE CORPORATION, LTD. *v.*
NOVODOCZKY.

[No. 15,212.  Filed February 18, 1936.]

*Lee L. Osborn, William McKinley,* and *Paul E. Price,*
for appellant.

*Gavit, Hall, Smith & Gavit,* for appellee.

WIECKING, J.—The appellee recovered a judgment in
the District Court of the United States in the Northern
District of Indiana against one Walter Wolf for $1500
and costs on account of personal injuries sustained by
him when struck by an automobile owned and operated

by Wolf. The judgment was not satisfied and this action was commenced by the appellee as the owner of the judgment against the appellant in the Lake Superior Court.

The complaint alleged that the appellant had issued a motor vehicle indemnity policy to Wolf by which it had agreed to pay and satisfy all final judgments rendered against Wolf for injuries or death resulting from the negligence of Wolf or his agent or agents and providing that suit might be brought upon the policy by the owner of any such judgment in any court of competent jurisdiction. The complaint further alleged an injury to appellee, the procurement of the judgment against Wolf and that such judgment remains unpaid.

The amended second paragraph of answer of the appellant alleged that at the time of the issuance of the policy in question there was in force in the State of Illinois a certain Act of the legislature of the State of Illinois, the pertinent parts of which are hereinafter set out; that the policy set out was executed to be filed and was on file with the Secretary of State of Illinois for the purpose of procuring a license to operate a motor vehicle upon the public streets and highways of the State of Illinois; that such policy was executed solely to cover any injury occasioned by the operation of such motor vehicle within the State of Illinois for the carriage of passengers for hire and indiscriminately accepting and discharging such persons as might offer themselves for transportation; that at the time of the injuries sustained by the appellee for which judgment was rendered in the District Court of the United States, that said automobile was being operated outside the territorial limits of the State of Illinois and was not being used indiscriminately in accepting and discharging all persons as might offer themselves for transportation, but was being operated under a special contract

for hire and that, therefore, the defendant was not liable.

The appellee filed a demurrer to the foregoing amended second paragraph of answer which was sustained by the court. The appellant then withdrew its first paragraph of answer which was in general denial, declined to plead further and judgment was rendered against the appellant. This appeal is prosecuted from such judgment, the appellant assigning as error (1) that the court erred in sustaining the appellee's demurrer to the amended second paragraph of appellant's answer and (2) the court erred in entering judgment for the appellee and against the appellant.

The pertinent provisions of the indemnity policy in question are that the appellant:

"IN CONSIDERATION of the required annual premium and for the term herein specified.

"DOES HEREBY INSURE AND INDEMNIFY WALTER WOLF, as owner, against liability for any injury to or death of any person resulting from the negligence of such owner or of his or its agent or agents, . . . in the use and operation of the following vehicles. . . .

"This policy shall and does insure said owner against such liability for the sum of Twenty-Five Hundred Dollars ($2500) for each motor vehicle and liability hereunder is limited to a maximum of Two Thousand Five Hundred Dollars ($2500) for each motor vehicle covered by this policy. This policy of insurance is issued pursuant to the provisions of the Motor Vehicle Law, as amended by Act entitled 'An Act to add Sections 42a, 42b, 42c, 42d, to the Motor Vehicle Law, approved June 30, 1919, as amended,' approved June 21, 1923.

"The liability here assumed is that the Car & General Insurance Corporation, Ltd., shall and will pay and satisfy all final judgments rendered against said owner for such injuries or death, within the limit liability named above and suit may be brought in any Court of competent jurisdiction upon this policy of insurance by the owner of any such judgment.

"This policy cannot be cancelled without giving ten days' notice in writing of such cancellation to the said owner and to the Secretary of State either by delivery of such notice personally or by registered mail."

The parts of the Illinois statute referred to in the appellant's amended second paragraph of answer and which we must consider are as follows:

"42a. It is unlawful for any person, firm or corporation to operate any motor vehicle along or upon any public street, or highway in any incorporated city, town or village in this state, having a population of five thousand or more, for the carriage of passengers for hire, indiscriminately accepting and discharging all such persons as may offer themselves for transportation, unless such person, firm or corporation has given, and there is in full force and effect and on file with the Secretary of State of Illinois, at all times during which such motor vehicle is being driven or operated, either (1) A bond . . .

"(2) a policy of insurance in a solvent and responsible company, authorized to do business in the State of Illinois, insuring said owner of said motor vehicle against liability for any injury to or death of any person resulting from the negligence of such owner or his agent, in the operation of such motor vehicle. Said policy of insurance may cover one or more motor vehicles, and shall insure such owner for the sum of two thousand five hundred dollars ($2,500.00) for one motor vehicle and for two thousand five hundred dollars ($2,500.00) for each additional motor vehicle covered by the same policy, provided that the maximum payment required of such company on all judgments recorded against an owner hereunder shall not exceed the sum of Two Thousand Five Hundred Dollars ($2500.00) for each motor vehicle operated under the provisions of this section; said policy of insurance shall provide for payment and satisfaction of any final judgment rendered against the owner of said motor vehicle for such injury or death, and shall provide that suit may be brought in any Court of competent jurisdiction upon such insurance policy by the owner of any such judgment. Said insurance policy

shall contain a description of each motor vehicle, giving the manufacturer's name and number and state license number. If, at any time, said policy of insurance be cancelled by the issuing company, or the authority of said issuing company to do business in the State of Illinois be revoked, the Secretary of State shall require the owner who filed the same either to furnish a bond or to replace said policy with another policy according to the provisions of this Act. Said policy of insurance shall also contain a provision that the same cannot be cancelled by the company issuing the same without giving ten days' notice in writing of such cancellation to the owner and the Secretary of State, either personally or by registered mail. Whenever such policy shall be so cancelled, the Secretary of State shall require such owner to either furnish a bond or a new policy of insurance, in accordance with the provisions of this Act. . . . All bonds and policies of insurance filed with the Secretary of State, under the provisions of this Act, shall expire the 31st day of December in each year, provided, however, that the expiration of same shall not terminate liabilities upon such bonds and policies of insurance arising during the period for which the bonds and policies of insurance were filed.

"42b. Every person, firm or corporation desiring to operate a motor vehicle along or upon any public street or highway in any city in this State having a population of more than one hundred thousand, for the carriage of persons for hire, indiscriminately accepting and discharging such persons as may offer themselves for transportation, shall file with the Secretary of State an application for the approval of the Secretary of State of the bond or insurance policy tendered under the provisions of this Act by such person, firm or corporation; and if the Secretary of State shall determine that such bond or insurance policy complies with the provisions of this Act, he shall accept such bond or insurance policy and thereupon issue to such applicant a certificate setting forth the fact that the applicant has in respect to the vehicle described therein, complied with the provisions of this Act. All such bonds or insurance policies shall, upon acceptance, be numbered serially, and such certificate shall be numbered in like series.

"42c. If any bond or insurance policy so filed shall for any reason become inoperative, it shall be unlawful for any person, firm or corporation to operate such motor vehicle until a bond or insurance policy meeting the requirements of this Act, shall have been filed with the Secretary of State.

"42d. Every officer, agent or employe of any corporation and every other person who violates or fails to comply with any provision of section 42a, 42b, or 42c of this Act, or who fails to obey, observe or comply with any order of the Secretary of State in accordance with the provisions of said sections of this Act shall be guilty of a misdemeanor, and shall be punished by a fine of not less than one hundred dollars and not more than five hundred dollars, or by imprisonment in the County Jail for a period of not less than thirty (30) days nor more than one (1) year, or by both such fine and imprisonment."

The appellant contends that the policy of insurance was issued pursuant to the mandate of a statute and contains no language different than that of the statute defining liability and that, therefore, the policy should receive no broader or different construction than the statute itself. We cannot agree with this contention. The policy in question is in itself a general coverage although it contains a reference to the statute under whose mandate it was issued without any language limiting the liability of the company to injuries or deaths inflicted while in the operation of a motor vehicle in the business or territory contemplated by the statute in question.

The appellant states as a general proposition that provisions required to be inserted in an insurance policy by statute if omitted are read into the policy and provision required to be omitted are read out. We agree with this proposition and it correctly states the law as announced by this court. *Equitable Life Ins. Co.* v. *Horner* (1933), 97 Ind. App. 347, 182 N. E. 463; *Federal Life Ins. Co.* v. *Relias* (1934), 99 Ind.

App. 115, 185 N. E. 319; *Commercial Union, etc.* v. *Schumacher* (1919), 71 Ind. App. 526, 119 N. E. 532. However, the rule is not properly applicable in this case.

In this case there is nothing which requires our holding that the statute is a part of the policy. The statute only requires such a policy to be executed and ██ placed on file. The policy in question insured the owner of the automobile "against liability for any injury to or death of any person . . . in the use and operation of the following described vehicle . . ." It is also provided that the company "shall and will pay and satisfy all final judgments rendered against said owner for such injuries and death within the limit of liability named above." The liability imposed upon the company by the language quoted is general and is not limited by the reference to the statute which only required it to be filed.

> "Here, as already observed, the purpose of the ordinance was to exact a minimum of insurance protection for the public, but not to limit the extent to which the owners of licensed vehicles might go in protecting themselves against public liability of all sorts. Even though resort to the ordinance were necessary, we consider that the use of it, urged upon us by counsel for appellant, would result in 'doing violence to the language of the bond,' and cause such a distortion of it that its expressed purpose of insurance would be wholly frustrated." *Board of Trade Livery Co.* v. *Georgia Casualty Co.* (1924), 160 Minn. 490, 494, 200 N. W. 633, 635.

The sole question in this case is whether the statute in question had a restrictive effect upon all insurance policies issued to operators of public automobiles in compliance with such statute.

We find nothing in the statutes requiring or permitting us to so construe it or apply it in this case. It requires a certain protection for the public. There is nothing in the statute which provides that the owner of

such a vehicle cannot obtain as much insurance as he may desire in addition to the $2,500 required for each vehicle by the statute.

It has been held by this court in construing official bonds given in connection with contracts that unless expressly prohibited by the statute authorizing such bonds, public officials might accept a bond broader in its provisions than required by statute and held such bond to be enforceable as given, quoting the following language from *United States* v. *Hodson* (1870), 77 U. S. 395: "The record is silent as to any coercion or duress. The bond is, therefore, to be considered a voluntary one. A bond in this form is not prohibited by statute, nor is it contrary to public policy." *Title Guaranty, etc., Co.* v. *State ex rel.* (1916), 61 Ind. App. 268, 109 N. E. 237, 111 N. E. 19. See also *Commercial Union, etc., Co.* v. *Schumacher, supra.*

We have examined the case of *Smith* v. *California, etc., Exchange* (1932), 17 Pac. (2d) (Cal.) 1005, as well as the case of *Interstate Casualty Company* v. *Martin* (1921), 234 S. W. (Texas) 710, cited and relied upon by the appellant. In each of those cases *the policy itself expressly limited the liability of the company* to the business or territory covered.

While the company might have limited its liability by a proper provision that such policy covered the automobile in question only while it was being operated in the State of Illinois or in the particular business contemplated by Wolfe's application, it did not see fit to do so.

We find no error in the action of the court in sustaining the demurrer to the appellant's amended second paragraph of answer.

Judgment affirmed.