WASTE, C. J.
 

 The appeal herein was dismissed by the District Court of Appeal of the Second District, Division Two, for failure of appellant’s opening brief to comply with certain requirements of rule VIII. A petition for hearing in this court was granted because of what appeared to be a too technical application of the rule. After the order of transfer was made the rule was amended in such manner as no longer to authorize the dismissal of the appeal for violations thereof.
 

 Appellant’s brief challenges the propriety of the trial court’s action in admitting certain evidence and in directing a verdict for the defendant. It appears that plaintiff, in another action, recovered a judgment against the owner and operator of a Studebaker truck for damages alleged to have resulted from its negligent operation. That judgment became final and, being unsatisfied, appellant commenced this action against respondent to recover on a policy of public liability insurance issued by respondent as insurer to the owner of the truck. The policy sued on contains a provision reading as follows: “In consideration of the reduced premium at which this policy is issued, it is agreed that the regular and frequent use of the commercial automobile described in the policy is and will be confined during the policy period to the territory within a 50 mile radius of the place of principal garaging of such automobile; and that no regular or frequent trips are or will be made during the policy period to any location beyond a 50 mile radius from the place of principal garaging of such automobile; that the
 
 *465
 
 assured does not and will not during the policy period advertise or solicit the hauling of goods, materials or commodities to a location beyond a 50 mile radius from the place of principal garaging of such automobile.” Reasonably interpreted the phrase “regular and frequent use”, as employed in the quoted provision, means the principal use, as distinguished from a casual or incidental use, in the regular course of the assured’s business.
 

 The “policy period” began on July 5, 1935, and ended on July 5, 1936, and the place of “principal garaging” of the truck was designated in the policy as El Centro, Imperial County, California. The accident out of which plaintiff’s damages arose occurred on August 14,1935, in Tulare County. At the time, the truck was being there operated with the consent and by the direction of defendant’s assured. The evidence discloses without conflict that during the year 1935 the assured was, and for several years prior thereto had been, engaged in the business of buying fruit from orchardists in Fresno and Kings Counties and marketing it in Los Angeles; that at the beginning of the 1935 fruit season he moved the truck from El Centro, described in the policy as the principal place of garaging, to Fresno County; and that thereafter and until the date of the accident it was used principally and frequently, if not exclusively, in the regular course of the assured’s aforesaid business. More specifically, the evidence establishes that the truck was used continuously in distributing empty boxes among various orchards in Fresno and Kings Counties, in gathering picked fruit from said orchards and hauling it to Los Angeles. These several places were more than 50 miles from the place of “principal garaging” of the truck.
 

 This evidence was produced by the defendant and plaintiff made no effort to controvert it. We are of the view that the evidence indisputably establishes that the assured, after the issuance of the policy and before the accident, so caused his truck to be operated as to do violence to that clause of the policy which restricted the “regular and frequent use” of the truck to the territory within a 50-mile radius of the place of “principal garaging”. This being so, it follows that at the time of the accident the truck was being operated outside the terms of the policy and was not covered thereby. It is settled that, under such circumstances, per
 
 *466
 
 sons injured by said truck, such as the appellant here, have no greater rights than the assured who, by reason of his operation of the truck outside the terms of the policy, obviously had no coverage thereunder.
 
 (Hynding
 
 v.
 
 Home Acc. Ins. Co.,
 
 214 Cal. 743 [7 Pac. (2d) 999, 85 A. L. R 13];
 
 Purefoy
 
 v.
 
 Pacific Auto Ind. Exch.,
 
 5 Cal. (2d) 81 [53 Pac. (2d) 155];
 
 Purcell
 
 v.
 
 Pacific Auto Ins. Co.,
 
 19 Cal. App. (2d) 230 [64 Pac. (2d) 1114];
 
 Sears
 
 v.
 
 Illinois Ind. Co.,
 
 121 Cal. App. 211 [9 Pac. (2d) 245].) This result follows, under the evidence in this ease, whether the above-quoted provision of the policy be regarded as a warranty by the assured as to the operation of the truck, as an insuring agreement affirmatively defining the coverage, or as an exclusion or exemption clause. The state of the record and our conclusion thereon make it unnecessary for us to here characterize the provision. A determination thereof is principally relevant to the burden of proof but here, as we have stated, the defendant assumed and discharged the burden of proving that the truck, by reason of its “regular and frequent use” beyond the territory within a 50-mile radius of the place of “principal garaging”, is without the coverage of the policy.
 

 We find no error in the rulings of the trial court with respect to the testimony of Young Kim, general manager of the K. & S. jobbers to whom the assured sold fruit in Los Angeles. His testimony that Tony Solano, the assured’s employee, made six deliveries of fruit to the K. & S. Company in Los Angeles between July 29 and August 9, 1935 (all within the “policy period”), is pertinent and relevant when considered in connection with the testimony of said Solano to the effect that while employed by the assured he drove no truck other than the one responsible for appellant’s damages.
 

 The motion to dismiss is denied and the judgment is affirmed.
 

 Shenk, J., Houser, J., Seawell, J., Edmonds, J., Langdon, J., and Curtis J., concurred.
 

 Rehearing denied.