[Civ. No. 12034.   Second Appellate District, Division One.—April 24, 1939.]

HENRY WIERSMA, Appellant, v. CITY OF LONG BEACH (a Municipal Corporation) et al., Respondents.

Frank E. Downey for Appellant.

Geo. W. Trammell, Jr., City Attorney, Wahlfred Jacobson, Deputy City Attorney, Joseph A. Ball and C. A. Pinkham for Respondents.

YORK, P. J.—Respondents move to dismiss the appeal herein and to strike from the files the opening brief of appellant for the following reasons:

1. That said appellant has not filed the printed transcript of the record in said cause within the time specified by rule I of the Rules for the Supreme Court and the District Courts of Appeal.

2. That in his opening brief appellant has not complied with section 2 of rule VIII of said rules, in that he has failed and neglected to set forth on the first page thereof a brief statement of the question involved, and in that he has not presented therein separately and under an appropriate heading each point relied upon by him, and the nature of the question to be presented.

There was filed in this court on October 11, 1938, a typewritten transcript which was certified by the trial judge under date of August 31, 1938, as constituting the judgment roll, as the same appeared in the files and records of the within action, followed by the court reporter's transcript, documentary evidence, and other matters, proceedings and records, and in which appears a stipulation of the attorneys of record dated July 18, 1938, as to the correctness both of the judgment roll and the reporter's transcript. The certificate of the clerk of the superior court attached to the notice of motion herein shows that while no clerk's transcript under section 953a of the Code of Civil Procedure was filed, an engrossed bill of exceptions was filed, settled and allowed on August 31, 1938, and that, according to the register of actions, the reporter's transcript was settled on August 31, 1938.

While it is true that forty-one days elapsed between the date of settlement and certification and the date of filing, and rule I, section 1 of the Rules of the Supreme Court and District Courts of Appeal provides that the transcript shall be filed within forty days after certification, nevertheless, rule V, section 1 provides "If the transcript . . . though not filed within the time prescribed, be on file at the time such notice (to dismiss) is given, that fact shall be sufficient answer to the motion." The notice of motion in the instant proceeding to dismiss was filed January 3, 1939.

In his statement of the questions involved, appellant in his opening brief sets forth eight questions spreading such statement over two and one-half pages, instead of complying with section 2, rule VIII to the effect that such statement "in its entirety should not exceed twenty lines, must never exceed one page . . . ". Appellant also makes ten specifications of error, but in presenting his points he neither states them separately nor under appropriate headings, as required by said rule VIII, *supra*. However, section 4, said rule VIII,

as amended in 1937, provides that "For any failure to observe this rule, the court shall not dismiss the appeal, but may, of its own motion, or on motion of an opposing party, order a proper statement or index to be made, or the transcript or briefs to be amended or a supplement thereto to be filed, supplying such omissions and curing such defects as are in violation of this rule." (See *Kindred* v. *Pacific Auto Ins. Co.,* 10 Cal. (2d) 463 [75 Pac. (2d) 69].)

It is therefore suggested that appellant file a supplement to his opening brief setting forth his points separately and under appropriate headings.

The motion to dismiss the appeal and to strike the opening brief from the files is denied.

Doran, J., and White, J., concurred.