## J. A. JOHNSON v. NEW AMSTERDAM CASUALTY COMPANY.

(Filed 7 June, 1951.)

**1. Insurance § 43b—**

The fact that the franchise permitting the operation of a truck in the carriage of goods for hire is limited to the jurisdiction of the issuing authority, does not of itself limit the coverage of a liability policy to use of the truck in such territory.

**2. Insurance § 13a—**

Unambiguous insurance contracts will be construed according to the meaning of the terms used, interpreted according to their usual, ordinary and commonly accepted meaning, but when an ambiguous term is reasonably susceptible to two interpretations, the courts will adopt that construction imposing liability.

**3. Insurance § 43b—**

Where a policy of liability insurance stipulates that the customary use of the vehicle is confined to a stipulated radius, coverage is not affected by an occasional use beyond the radius specified; but an agreement that the vehicle is to be operated entirely or exclusively within a specified radius confines the coverage to the radius stipulated.

**4. Same—**

The policy in suit provided that the vehicle insured was customarily used within a fifty mile radius of the city where the vehicle was principally garaged and that no trips were customarily made beyond such radius or "within the area of cities and towns designated herein. Cities and towns excluded: State of North Carolina." *Held:* The policy covers liability for a collision occurring in a rural section of North Carolina within a fifty mile radius of where the vehicle was principally garaged, notwithstanding that at the time the vehicle was returning from a trip beyond this radius.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sink, J.,* August Term, 1950, of GUILFORD (High Point Division).

This is an action to recover from the defendant the amount of an unsatisfied judgment and costs, which the plaintiff obtained in the Superior Court of Guilford County (High Point Division), on 22 March, 1949, against one Darling Carroll Woodall, referred to hereinafter as Woodall.

When this cause came on for hearing, the parties stipulated and agreed the Judge should hear the evidence, find the facts, make the necessary conclusions of law and render judgment thereon.

A summary of the pertinent facts found is as follows:

1. Sometime prior to 2 June, 1948, Woodall decided to enter the trucking business and to do general hauling in and around Martinsville, Virginia. He acquired a 1948, one and a half ton Chevrolet truck for use in this business. In order to obtain a license or permit to operate this truck as a carrier for hire, it was necessary for him to obtain public liability and property damage insurance and to file the policy therefor with the State Corporation Commission of Virginia.

2. Woodall applied to the defendant for such insurance, covering the above described truck, the application being made through its duly authorized local agent in Martinsville, Virginia. The local agent and Woodall discussed various premium rates, and the agent advised Woodall that the premiums varied according to the territories in which motor vehicle operations were conducted.

3. The defendant issued the policy, effective from and after 2 June, 1948, for a period of one year, and forwarded it to the State Corporation Commission of Virginia. The required annual premium was paid by Woodall.

4. The policy contained an endorsement in the following language: "(1) The customary use of the automobile is confined to the area within a fifty mile radius of the limits of the city or town where the automobile is principally garaged as stated in the declaration, excluding the area within cities and towns designated herein; and (2) No trips are customarily made by the automobile to any location beyond such radius or within the area of cities and towns designated herein. Cities and towns excluded: State of North Carolina."

5. On 17 June, 1948, Woodall began a trip in said Chevrolet truck from Martinsville to Columbia, South Carolina, for the purpose of obtaining a load of watermelons, when he had a collision with an automobile owned and operated by the plaintiff, J. A. Johnson, resulting in extensive damage to the plaintiff's automobile. The collision occurred in a rural area in North Carolina, on State Highway No. 220, thirty-three miles from Martinsville, Virginia.

6. This collision was reported to the local agent of the defendant, in Martinsville, on 18 June, 1948. The defendant immediately gave notice

of cancellation of the policy, effective as of 21 July, 1948.  The unearned portion of the premium was returned to Woodall, the defendant retaining the premium for the period from 2 June, 1948, to 21 July, 1948.

7. The plaintiff herein instituted suit on 3 February, 1949, in the Superior Court of Guilford County (High Point Division), against Woodall, for the recovery of damages to the plaintiff's Buick automobile resulting from the collision above mentioned.  The summons and complaint in said action were duly served on Woodall.  He notified the defendant of the institution of the action and made demand on it to defend the action on his behalf.  This the defendant refused to do, and denied liability under the terms of its policy of insurance.

8. Plaintiff obtained a judgment in the aforesaid court at the March Term, 1949, for $1,500.00 and costs in the sum of $15.60.  Demand for payment of the judgment was made on Woodall and the defendant, neither of whom has paid the judgment and costs or any part thereof.  Hence, this action to recover the amount of said judgment and costs, together with interest upon the judgment from 22 March, 1949, until paid.

Upon the facts found his Honor held as a matter of law (1) that the endorsement, on the policy of insurance, involved herein, did not exclude coverage of the insured vehicle while operated within a radius of fifty miles of Martinsville, Virginia, and outside of locations within cities and towns in North Carolina; (2) that the aforesaid policy of insurance covered the motor vehicle collision hereinbefore mentioned, which occurred on 17 June, 1948, and the defendant was legally obligated to defend the action brought against Woodall as a result of said collision; and (3) the plaintiff is entitled to recover of the defendant the sum of $1,500.00, together with interest from 22 March, 1949, until paid, $15.60 court costs for the use of the Clerk of the Superior Court of Guilford County, and the costs of this action.

Judgment was entered accordingly, and the defendant appeals and assigns error.

*Welch Jordan for plaintiff.*
*Smith, Sapp, Moore & Smith for defendant.*

DENNY, J.  The defendant has brought forward numerous exceptions and assignments of error to the findings of fact by the court below.  However, there is evidence to support such findings and the exceptions thereto will not be upheld.

Moreover, this appeal turns on the interpretation placed upon the endorsement attached to and made a part of Woodall's policy of insurance.

It is apparent that Woodall applied for a license or permit from the State Corporation Commission of Virginia to operate a truck for hire in

Virginia. Such Commission would have no authority to issue a license or permit to be used in interstate commerce. Even so, this would have no bearing on the right of the defendant to issue a policy of insurance on Woodall's truck, which would remain in full force and effect if and when the truck was operated outside the State of Virginia. *Utilities Insurance Co. v. Potter,* 188 Okla. 145, 105 P. 2d 259, 154 A.L.R. 512; *certiorari* dismissed 312 U.S. 662, 85 L. Ed. 1109; *Couk v. Ocean Accident & Guarantee Corp.,* 138 Ohio St. 110, 33 N.E. 2d 9; *Utilities Insurance Co. v. Smith* (C.C.A. 10th Cir.), 129 F. 2d 798. There is nothing in the defendant's insurance contract which limits its liability to damages incurred only within that portion of the radius of fifty miles of Martinsville, Virginia, which lies within the State of Virginia.

If by attaching the endorsement set out herein to Woodall's policy of insurance, it was the purpose of the defendant to exclude the State of North Carolina, or that portion of it which lies within a radius of fifty miles of Martinsville, Virginia, as a part of the area in which the truck was customarily used, it did not do so by the language used.

Insurance contracts will be construed according to the meaning of the terms which the parties have used and unless such terms are ambiguous, they will be interpreted according to their usual, ordinary, and commonly accepted meaning. *Motor Co. v. Insurance Co.,* 233 N.C. 251, 63 S.E. 2d 538; *Bailey v. Insurance Co.,* 222 N.C. 716, 24 S.E. 2d 614; *Stanback v. Insurance Co.,* 220 N.C. 494, 17 S.E. 2d 666; *Roberts v. Insurance Co.,* 212 N.C. 1, 192 S.E. 873; *Gant v. Insurance Co.,* 197 N.C. 122, 147 S.E. 740; *Powers v. Insurance Co.,* 186 N.C. 336, 119 S.E. 481; *Crowell v. Insurance Co.,* 169 N.C. 35, 85 S.E. 37; *Penn v. Insurance Co.,* 158 N.C. 29, 73 S.E. 99. "But if they are reasonably susceptible of two interpretations, the one imposing liability, the other excluding it, the former is to be adopted and the latter rejected, because the policies having been prepared by the insurers, or by persons skilled in insurance law and acting in the exclusive interest of the insurance company, it is but meet that such policies should be construed liberally in respect of the persons injured, and strictly against the insurance company." *Electric Co. v. Insurance Co.,* 229 N.C. 518, 50 S.E. 2d 295, and cases cited.

We hold that the language used in the endorsemnt simply means that the usual, or customary use of the truck, covered by the policy of insurance, was limited to an area within a radius of fifty miles of Martinsville, Virginia, exclusive of the area within cities and towns in North Carolina within that radius. And it is an indisputable fact that Martinsville, Virginia, is located not more than twelve or fifteen miles from the North Carolina State line.

And when the customary or regular use of the insured vehicle is confined during the policy period to the territory within a fifty-mile radius

of the limits of the city or town where the motor vehicle is principally garaged, it refers to the principal use, and the coverage is not affected by an occasional use beyond the specified radius. Blashfield's Cyclopedia of Automobile Law and Practice, Vol. 6, Insurance, Sec. 3974.5, p. 687; Appleman's Insurance Law and Practice, Vol. 7, Sec. 4294, p. 61; *Kindred v. Pacific Automobile Ins. Co.,* 10 Cal. 2d 463, 75 P. 2d 69; *Bandy v. East & West Insurance Co.,* Mo. App. (1942), 163 S.W. 2d 350; *Car & General Insurance Corp. v. Novodoczky,* 101 Ind. App. 509, 200 N.E. 83. *Cf. Crowell v. Insurance Co., supra; Farm Bureau Mutual Automobile Insurance Co. v. Manson,* 94 N.H. 389, 54 A. 2d 580; and *Birnbaum v. Jamestown Mutual Insurance Co.,* 298 N.Y. 305, 83 N.E. 2d 128.

It is different, however, where it is agreed that the insured motor vehicle is to be operated entirely or exclusively within a specified radius or territory. In such cases the policy is ordinarily construed as not covering the vehicle on any trip outside or beyond the limited area. *Lummus v. Insurance Co.,* 167 N.C. 654, 83 S.E. 688; *Person v. Tyson,* 215 N.C. 127, 1 S.E. 2d 367; *Wallace v. Virginia Surety Co.,* 80 Ga. App. 50, 55 S.E. 2d 259.

The appellant is relying on the last cited cases in support of its position, each of which was decided on a factual situation substantially different from that before us.

In the *Lummus case, supra,* in consideration of a reduced rate, a private garage warranty was attached to the policy, in which it was agreed that the automobile would be kept in a private garage, at the residence of the insured, in Columbus, Georgia, with the "privilege, however, to operate car and to house in any other building or buildings for a period of not exceeding fifteen days at any one location at any one time, providing the car is en route, visiting, or being cleaned or repaired." The car was removed to Charlotte, North Carolina, not for the purpose of visiting, nor for having the car cleaned or repaired, but, on the contrary, its removal was permanent. It remained in Charlotte for five or six months, when it was placed in a machine shop in Columbia, South Carolina, in December, 1911, where it was destroyed by fire 10 January, 1912. The court held the permanent removal of the car from Columbus, Georgia, by reason of the provisions of the policy with respect to storage, rendered the contract of insurance void.

In *Person v. Tyson, supra,* the collision occurred outside the city limits of Rocky Mount, whereas the policy of insurance covering the defendant's taxicab expressly stated that the policy did not cover any loss resulting or arising from an accident while the taxi was being operated elsewhere than within the territorial limits of the City of Rocky Mount.

It is true that in the case of *Wallace v. Virginia Surety Co., supra,* the collision occurred within the 500-mile radius specified in the policy, while

the truck was returning from a trip which extended 225 miles beyond the radius in which all operations were to be confined. However, we do not consider this authority as controlling or persuasive on the question before us, for the reason, as pointed out in the dissenting opinion thereto, the endorsement further provided that the insurer "shall not be liable for nor will it pay any loss or claim whatsoever that results from any accident or loss occurring while the automobile or automobiles described in the policy are being operated outside of the radius of 500 miles of the place where such automobile or automobiles described in the policy are principally garaged." In light of this provision, it is difficult to understand how any operation within the area was excluded from coverage.

In the instant case the collision occurred within the area in which it was agreed the truck was customarily used, and there was not sufficient evidence to warrant a finding of fact to the effect that it was not so used. Furthermore, if it should be conceded that all of North Carolina was excluded from the confined area, the agent of the defendant testified that the endorsement on Woodall's policy permitted occasional trips beyond such area.

The judgment of the court below is
Affirmed.

STACY, C. J., took no part in the consideration or decision of this case.