93 So.2d 166

**EMPLOYERS INSURANCE COMPANY OF ALABAMA, Inc.**

v.

**Whyte BEDFORD et al.**

**6 Div. 180.**

Court of Appeals of Alabama.

Feb. 26, 1957.

Guin & Guin, Russellville, for appellant.

Rankin Fite, Hamilton and Fite & Wilson, Jasper, for appellees.

CATES, Judge.

This was a nonjury action in the Marion Circuit Court on an "Automobile Garage Liability Policy." The underwriter appeals from a judgment for $576 in favor of the named insured.

The "named insured" (plaintiffs-appellees here) were man and wife, partners doing business as "Marion County Motor Company." The claim under the policy arose out of the expense incurred by them in behalf of an employee (their son) in defense of an action in the United States District Court in Mississippi against the employee for wrongful death to another while operating the employee's own r' k-up truck upon the business of the Marion County Motor Company. He was not a member of appellees' household.

Defendant assigns as error (1) the judgment, (2) inclusion as an element of the court's award $450 attorneys' fees paid in defending the Mississippi action, (3) witness' fees, $126 for the same, (4) special findings of fact No. 5, 6, 7, and 8, and (5) the opinion of the court below construing Clause III (b) of the policy as provision for forfeiture.

We take up the last first. The pertinent insuring agreement of the policy was: "To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * * * death * * * resulting (from bodily injury) * * * caused by accident and arising out of the hazards hereinafter defined." (Parenthesis supplied.)

The risks and perils borne by the underwriter were defined (in part):

"The ownership, maintenance or use of the premises for the purpose of an automobile dealer, repair shop, service station, storage garage or public park-

ing place, and all operations necessary or incidental thereto; and the ownership, maintenance or use of any automobile in connection with the above defined operations, and the occasional use for other business purposes and the use for non-business purposes of (1) any automobile owned by or in charge of the named insured and used principally in the above defined operations, and (2) any automobile owned by the named insured in connection with the above defined operations for the use of the named insured, a partner therein, an executive officer thereof, or a member of the household of any such person."

In Clause III of the policy the unqualified word "insured" is defined to include, among others, any employee of the named insured "while acting within the scope of his duties as such." The text continues:

" * * * This policy does not apply:

* * * * * *

"(b) to any * * * employee * * * with respect to any automobile owned by him, or a member of his household other than the named insured; * * *"

 We do not construe sub-clause (b), above, as a forfeiture. While in certain circumstances the insuring agreements run in favor of an employee, yet to exclude this class "with respect to any automobile owned" by the employee is not inconsistent with a garage liability policy. Appleman Insurance Law and Procedure, Section 4451 et seq.; 5A Am.Jur., Automobile Insurance, Section 102.

The words are almost verbatim those used in McDowell v. United States Fidelity & Guaranty Co., 260 Ala. 412, 71 So.2d 64, 69:

"As stated in appellants' reply brief, 'the entire insurance policy is before the Court on this appeal,' and we agree that the policy is to be construed most favorably for the insured against the insurer. However, we cannot by construction do violence to the language of the policy or read into it something that is not there. The language, 'The insurance does not apply', can carry no other meaning."

As to the construction of insurance contracts generally, see Trans-Continental Mutual Insurance Company, Inc. v. Harrison, 262 Ala. 373, 78 So.2d 917.

■ The contract not covering the risk the judgment below is due to be reversed.

Reversed and remanded.