NANCY D. SQUIRES v. TEXTILE INSURANCE COMPANY.

(Filed 12 June, 1959.)

1. **Insurance § 54—  Policy held to cover liability of insured for negligent operation of car by employee in scope of employment notwithstanding the car was owned by employee.**

   The policy in suit covered automobiles not owned by insured provided they were used in operations necessary or incidental to insured's business, and included in its liability coverage, the operation of an automobile by an employee of insured in the scope of his employment. *Held:* A later provision of the policy that it should not apply to an employee with respect to any automobile owned by him is, in regard to liability to third persons, either in conflict with the prior provisions or ambiguous, and therefore in an action by an injured third party, evidence that her injuries resulted from the negligent operation of an automobile by an employee of insured while acting in the scope of his employment, takes the issue of liability under the policy to the jury, and the issue of whether the automobile was owned by the employee is not determinative.

2. **Insurance § 3—**

   Whether the terms of a policy of insurance are conflicting or ambiguous is a question of law for the court.

3. **Same—**

   Ambiguities and conflicts in the provisions of an insurance contract are to be resolved against insurer.

4. **Appeal and Error § 45—**

   Where the rights of the parties are determined by the verdict upon one issue, alleged error relating to another issue cannot be prejudicial.

5. **Insurance § 65—**

   Where judgment is obtained against insured in an action in which in-

surer participated, the judgment is conclusive on insurer as to the questions of agency and damages therein adjudicated, and, in the subsequent action by the injured third persons against insurer to recover the unpaid damage, the only defense available to the insured is that the policy does not cover insured's liability.

**6. Same:    Evidence § 15—**

In an action on a liability insurance policy by the injured third person, another liability policy issued by another insurer to another joint *tort feasor* also liable for the damages in suit, is properly excluded.

**7. Insurance § 66½—**

The prorating of the recovery of an injured third party between the insurers liable on policies issued respectively to the *tort feasors* causing the injury, *held* not prejudicial.

APPEAL by defendant from *Phillips, J.,* September 22, 1958 Civil Term, GUILFORD Superior Court (Greensboro Division).

This civil action was instituted by the plaintiff to recover on a garage liability insurance policy issued by the defendant in favor of its named insured, Southern Auto Parts, Inc. The maximum liability coverage for each person was Twenty-five thousand Dollars and for each accident Fifty thousand Dollars. The insuring agreement provided: "Coverage A—Bodily Injury Liability.—To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages . . . sustained by any person, caused by accident, and arising out of the hazards hereinafter defined." Among the hazards defined is the following: "Automobiles Not Owned or Hired.—The ownership, maintenance or use of the premises for the purpose of an automobile repair shop, service station, storage garage or public parking place, and all operations necessary or incidental thereto; and the use in connection with the above defined operations of any automobile not owned or hired by the named insured, a partner therein or a member of the household of any such person."

Under Division III of the policy, the following appears: "Definition of 'Insured.' With respect to the insurance under coverage A, B, and D, the unqualified word 'insured' includes the named insured and also includes (1) any partner, employee, director, or stockholder thereof while acting within the scope of his duties as such, and any person or organization having a financial interest in the business of the named insured covered by this policy; and (2) any person while using an automobile covered by this policy, and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission. This policy does not apply: . . . (b) to any partner, employee, direc-

tor, stockholder or additional insured with respect to any automobile owned by him, or by a member of his household other than the named insured."

The plaintiff, Mrs. Nancy D. Squires, was injured in a collision between her automobile and a Ford convertible driven by Louis W. Sorahan. In a civil action for the injury, this plaintiff obtained a judgment for $17,500.00 against Sorahan and against his principals, Southern Auto Parts, Inc., City Motors of Durham, Inc., and Edward S. Massengill, T/A Durham Motor Sales. Upon failure of the defendants to satisfy the judgment in her favor, the plaintiff instituted this action to compel the defendant to pay her judgment. The defendant's policy provided: "Any person . . . who has secured such judgment . . . shall thereafter be entitled to recover . . . to the extent of the insurance afforded by this policy."

The evidence in the instant case disclosed that in the accident in which the plaintiff sustained her injuries, a Mrs. Ruth Bishop Hearn, a guest passenger in her automobile, was also injured. Mrs. Hearn filed a claim against Sorahan and the three principals for whom he was working, which was compromised by the payment of $1,600.00 and her medical bills. The present defendant participated in the settlement of Mrs. Hearn's claim and paid one-third of it.

The defendant denied liability upon the ground that the policy does not apply to an employee who at the time of the injury was operating his own automobile; and that the Ford convertible was owned by Sorahan, an employee of the named insured, and excluded by (b) under the policy. The defendant tendered an issue as to Sorahan's ownership of the Ford convertible which was involved in the accident and excepted to the court's refusal to submit it.

The plaintiff pleaded estoppel by reason of the defendant's having participated in the settlement of Mrs. Hearn's claim for an injury resulting from the same accident, and that the defendant thereby recognized the liability for Sorahan's negligence under the policy.

The defendant moved for judgment of nonsuit and excepted to the court's refusal to grant the motion. The court submitted two issues which the jury answered as here indicated:

"1. On May 23, 1956, at the time of the plaintiff's injury, was Louis W. Sorahan using an automobile not owned or hired by Southern Auto Parts, Inc., in connection with operations necessary or incidental to Southern Auto Parts, Inc.,'s ownership, maintenance, or use of its premises in Durham, North Carolina, for the purpose of an automobile repair shop, as alleged in the Complaint?

Answer: Yes.

"2. Did the defendant waive its rights, if any it had, to deny that its Policy No. AGL 378 affords coverage for the payment of the judgment which the plaintiff recovered on April 10, 1958, in the Superior Court of Guilford County, Greensboro Division, in that certain action entitled Nancy D. Squires versus Louis W. Sorahan, Southern Auto Parts, Inc., City Motors of Durham, Inc., and Edward S. Massengill, T/D/B/A Durham Motor Sales, as alleged in the plaintiff's Reply?

Answer: Yes."

Upon the jury's answer, the court entered judgment that plaintiff recover of the defendant $14,583.33, being five -sixths of the amount of the judgment, upon the theory that the total coverage of $30,-000.00 was shown by the evidence, ($25,000.00 by the policy here involved, and $5,000.00 by policy issued to City Motors of Durham by the Nationwide Mutual, which policy was concurrent insurance, offered in evidence by the defendant without objection). From the judgment, the defendant appealed, assigning errors.

*Jordan, Wright & Henson for plaintiff, appellee.*

*Sapp & Sapp, By: Armistead W. Sapp for defendant Textile Insurance Co., appellant.*

HIGGINS, J.   The appellee has moved in this Court to dismiss the appeal for failure of the defendant to comply with the Rules of Practice in the Supreme Court for defective assignments of error, and failure to discuss the assignments in the brief. After careful examination of the record and the brief, we conclude the assignments and their treatment in the brief are sufficient to present for review (1) the propriety of the nonsuit, (2) the admission in evidence of the release agreement procured from Mrs. Hearn by the defendant, (3) the court's refusal to permit the defendant to introduce a garage policy issued by Nationwide Mutual to Massengill, and (4) the failure to submit the issue of Sorahan's ownership of the Ford convertible involved in the accident.

The plaintiff introduced Policy No. 378. Admittedly it was in force on the date the plaintiff sustained her injury. She next introduced the judgment roll showing she had prosecuted successfully an action in the Superior Court and obtained a judgment against Sorahan, Southern Auto Parts, Inc., City Motors of Durham, Inc., and E. S. Massengill, T/A Durham Motor Sales. The issues and judgment in that case established that Louis W. Sorahan was the agent of the

other defendants and was about their business at the time of the plaintiff's injury which resulted from Sorahan's negligence; and that the defendants were liable to this plaintiff for $17,500.00 damages. The plaintiff also introduced evidence that the judgment had not been paid.

Louis W. Sorahan testified for the plaintiff that at the time of the collision between his Ford convertible and the automobile this plaintiff was driving and in which Mrs. Hearn was riding as a guest passenger, he was acting as an employee of Southern Auto Parts, Inc., City Motors of Durham, Inc., and Massengill, T/A Durham Motor Sales, and was on a mission for them as their agent at the time of his collision with the plaintiff's automobile. This evidence was sufficient to make out a case for the jury and to repel the motion for nonsuit.

The first issue submitted to the jury might have been drawn with greater precision. However, in connection with the pleadings, the policy involved, the record evidence, and the charge of the court, enough appears to place the insured's agent Sorahan and the automobile he was using at the time of the injury within the coverage of the defendant's policy under the definition of "Hazards—Division 2," and under the general definition of "Insured—Division III." Under "Division III," the policy says: "The unqualified word 'insured' includes the named insured (Southern Auto Parts, Inc.) and also includes (1) any . . . employee (Sorahan) while acting within the scope of his duties as such, and (2) any person while using an automobile covered by this policy . . . provided the actual use of the automobile is by the named insured or with its permission." Then follows: "This policy does not apply . . . (b) to any partner, employee, director, stockholder, or additional insured with respect to an automobile owned by him."

Does (b) mean the insurer will not pay to a partner, employee, director, stockholder, or additional insured for injury if caused by his own automobile, or does it mean the insured will not indemnify third persons for injury if inflicted by an automobile owned by a partner, employee, etc.?

The defendant contends (b) withdraws from coverage altogether damages to third persons by an employee while using his own automobile. We are not certain what (b) means. If it means what the defendant says it does, it is in conflict with the coverage under "Definition of Hazards," and under the general provisions of "No III—Definition of Insured." If not in conflict, it is ambiguous. The trial court interpreted (b) as in conflict with the general provisions and

refused to submit the issue as to Sorahan's ownership of the Ford convertible. In this we think the trial court was correct because of the conflicting or ambiguous provisions. The determination whether the terms of a policy are conflicting or ambiguous is one of law for the court. The only interpretation of a provision similar to (b) we have been able to find is a decision by an intermediate appellate court of Alabama in the case of *Insurance Co. v. Bedford*, 93 So. 2d 166. We are not prepared to follow the interpretation of (b) made by the court in that case. In policies of insurance, if ambiguous, or if they contain conflicting provisions, the ambiguities and conflicts must be resolved against the insurer. *Johnson v. Casualty Co.*, 234 N.C. 25, 65 S.E. 2d 347; *Electric Co. v. Ins. Co.*, 229 N.C. 518, 50 S.E. 2d 295; and cases cited.

The policy as interpreted by the court and the jury's answer to the first issue were sufficient to support the plaintiff's judgment. The issue of waiver, though found for the plaintiff, may be treated as surplusage. The admission of evidence and the charge of the court on that issue, even if erroneous, which we do not concede, were non-prejudicial. *Johnson v. Casualty Co., supra.*

The defendant had an opportunity to defend in the plaintiff's action against the defendant's named insured. The judgment is, therefore, conclusive as to the insurer on the question of agency and damage. The only defense available to the defendant is that its policy does not cover the insured's liability. *Distributing Co. v. Ins. Co.*, 214 N.C. 596, 200 S.E. 411; *Hall v. Casualty Co.*, 233 N.C. 339, 64 S.E. 2d 160.

The court properly excluded evidence of a garage policy issued to Massengill by Nationwide Mutual. That policy involved parties who are strangers to this action. *Sprinkle v. Ponder*, 233 N.C. 312, 64 S.E. 2d 171; *Robbins v. Alexander*, 219 N.C. 475, 14 S.E. 2d 425. The liability of the original parties against whom the plaintiff obtained her judgment are joint and several. The plaintiff could proceed against one, and consequently against the insurance carrier for one. The agreement to prorate in the court's judgment is not prejudicial to the defendant. *Commercial Standard Ins. Co. v. American Employers Ins. Co.*, 209 Fed. 2d 60.

The charge on the controlling issue seems to be free from objection. Careful review discloses

No Error.